```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
           - against -                                      :     15-CR-796-3 (VSB)
                                                            :
                                                            :     OPINION & ORDER
ALEXIO GOBERN,                                              :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Alexio Gobern ("Petitioner" or "Gobern") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Because Gobern failed to demonstrate extraordinary and compelling circumstances that would warrant the reduction of his sentence and early release, and the Section 3553(a) factors militate against reducing Gobern's sentence, Gobern's motion for compassionate release is DENIED.

I.  **Background and Procedural History**[1]

In February 2015, the Drug Enforcement Administration and United States Postal Inspection Service began investigating whether Gobern and others were engaged in a conspiracy to traffic cocaine from San Juan, Puerto Rico to the Bronx, New York. (*See* PSR ¶ 13.) Gobern was arrested on January 27, 2016. (*Id.* ¶ 33.) A one-count superseding indictment was filed on March 22, 2016, charging Gobern and his co-defendants with conspiring to distribute, and possess with intent to distribute, five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(A). (*Id.* ¶ 1; *see also* Doc. 22 ("S2 Indictment").) Gobern exercised

---

[1] The facts contained in this section are taken from Gobern's Final Presentence Investigation Report ("PSR"), filed on February 7, 2017. (Doc. 169.) These facts are merely provided for background, and I do not rely upon them in deciding Gobern's motion.

his right to a jury trial, and on November 15, 2016, a jury found Gobern guilty as charged.  (PSR ¶ 3; *see also* Doc. 111 (jury verdict).)

I sentenced Gobern on April 12, 2017.  After hearing from the parties, I calculated that Gobern faced a guidelines range of 360 months to life, in large part due to his two prior narcotics convictions.  (Doc. 186 ("Sent'g Tr.") 11:16-12:6; *see also id.* 31:19-20.)  Gobern also faced a mandatory minimum of ten years.  (*Id.* 33:1-2.)  I sentenced Gobern to 144 months, or 12 years.  (*Id.* 37:21-23.)  Gobern is currently housed in a Residential Reentry Management Field Office in New York, New York, and his current release date is March 29, 2025.  *Find an Inmate*, BOP.gov, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited December 12, 2024) (BOP Register Number 15002-057).

Gobern filed a notice of appeal on April 23, 2017.  (Doc. 194.)  His conviction and sentence were affirmed.  (Doc. 216; *see also United States v. Adames*, 727 F. App'x 12 (2d Cir. 2018)).  On December 28, 2018, Gobern filed motion for a writ of habeas corpus under 28 U.S.C. § 2255.  (Doc. 219; *see also* Motion, *Gobern v. United States of America ("Gobern")*, No. 18-cv-12411 (Dec. 28, 2018), Doc. 1.)  I denied that motion on November 4, 2020.  (Opinion & Order, *Gobern*, No. 18-cv-12411, Doc. 17; *see also Gobern*, 2020 WL 6487965 (S.D.N.Y. Nov. 4, 2020)).  On December 8, 2020, Gobern filed a motion for reconsideration, (Motion, *Gobern*, No. 18-cv-12411, Doc. 19), which I denied on August 25, 2021, (Opinion & Order, *Gobern*, No. 18-cv-12411, Doc. 23; *see also Gobern*, 2021 WL 3774293 (S.D.N.Y. Aug. 25, 2021)).  On September 21, 2021, Gobern filed an appeal, (Notice of Appeal, *Gobern*, No. 18-cv-12411, Doc. 25), which the Second Circuit denied on April 4, 2022, (Mandate, *Gobern*, No. 18-cv-12411, Doc. 27).

On April 21, 2021, Gobern filed the instant motion for compassionate release.  (Doc. 242

("Pet'r's Mot.").) On September 23, 2021, counsel for Gobern filed briefing in support of Gobern's previously pro se motion. (Doc. 256 ("Pet'r's Br.").) On November 1, 2021, the Government filed an opposition. (Doc. 258 ("Gov't's Opp.").) On January 18, 2022, counsel for Gobern filed a supplemental letter. (Doc. 262 ("Pet'r's Supp. Letter").)

## II. Legal Standards

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c)(1)(A)(i) of Title 18 of the United States Code, the compassionate release statute, provides one such exception. The compassionate release statute permits a court to "reduce" a term of imprisonment if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court must also consider the factors set forth in 18 U.S.C. § 3553(a), including, among other things, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "the kinds of sentences available;" and "the need to avoid unwarranted sentence disparities." *See* 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)). "[A] district court's discretion in this area—as in all sentencing matters—is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Prior to December 2018, a court could not order compassionate release unless the Bureau of Prisons ("BOP") requested such relief on a prisoner's behalf. *See Gotti*, 433 F. Supp. 3d at 614. This all changed in December 2018 when Congress passed the First Step Act, which did away with BOP's unilateral ability to deny a prisoner compassionate release. *See id.* The statute clearly states that a court may only grant compassionate release "upon motion of the Director of the Bureau of

3

Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[2]

Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the "opportunity to correct [their] own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, it promotes efficiency, since claims "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* "The provenance of an administrative exhaustion requirement determines its scope." *United States v. Monzon*, No. 99-CR-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020). There are two types of exhaustion requirements: jurisdictional requirements and non-jurisdictional requirements. Jurisdictional exhaustion requirements "govern a court's adjudicatory authority" and are not subject to any exceptions. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks omitted). Non-jurisdictional requirements, also referred to as "claim-processing rules," can be "forfeited if the party asserting the rule waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). The Second Circuit has held that the exhaustion requirement in § 3582(c)(1)(A) is not a jurisdictional limitation but is instead a claim-processing rule. *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam).

---

[2] The federal Sentencing Guidelines have also since been revised to reflect the court's ability to order compassionate release upon a prisoner's request. *See* U.S.S.G. § 1B1.13(a) ("Upon motion of . . . the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

### III.    Discussion

#### A.    *Exhaustion*

On March 19, 2021, Gobern made a request for compassionate release/reduction to the BOP. (Pet'r's Mot. 4.) That request was denied because his medical history did not meet the requisite criteria to warrant compassionate release. (*Id.*) On May 5, 2021, Gobern's counsel also "emailed a letter to the Warden of FCI Schuylkill requesting Mr. Gobern's compassionate release." (Pet'r's Br. 2. (footnote omitted).) That request was also denied. (*Id.*) There is no evidence in the record of any administrative appeal. Nevertheless, the Government does not challenge Gobern's motion on the basis that he failed to exhaust his administrative remedies. (*See* Gov't's Opp. 1 ("Gobern has exhausted administrative remedies because he moved within the Bureau of Prisons ('BOP') for compassionate release more than 30 days ago.").) Although I have reached a different conclusion as to the exhaustion requirement, *see United States v. Ng Lap Seng*, 15-CR-706, 2020 WL 2301202, at *5–7 (S.D.N.Y. May 8, 2020),[3] the Government has waived its right to challenge Gobern's assertion that he has exhausted his administrative remedies by agreeing such remedies have been exhausted, *see United States v. Russo*, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020) ("[O]ne key consequence of the section not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."). Therefore, I address the substance of Gobern's motion.

---

[3] The Second Circuit appears to agree with the conclusion that I reached in *Ng Lap Seng*, 2020 WL 2301202, at *5–7 (interpreting Section 3582(c)(1)(A)'s "lapse of 30 days" language as requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion within thirty days, giving the court discretion to hear a compassionate release motion if the BOP has failed to timely consider the request). *See Brooker*, 976 F.3d at 236 ("Congress allowed people seeking compassionate release to avoid BOP if BOP rejects their motions or fails to act on them within a short time period, only 30 days. . . . When the BOP fails to act, Congress made the courts the decision maker as to compassionate release." (citations omitted)); *see also Saladino*, 7 F.4th at 124 n.2 (citing with approval district court construing *Brooker* to support the proposition that BOP's failure to respond to a compassionate release motion within thirty days gives district courts the discretionary power to grant such a motion).

5

### B.     *Extraordinary and Compelling Circumstances*

In his pro se motion, Gobern requested compassionate release on the grounds that his Fourth, Fifth, and Sixth Amendment rights were violated when his lawyer withdrew his motion to suppress evidence obtained from his cell phone. (*See generally* Pet'r's Mot.) However, Gobern previously requested habeas relief on the same grounds. (*See* Doc. 219.) I denied Gobern's habeas petition because prior to trial Gobern's counsel withdrew the motion after the Government consented not to use the evidence obtained from Gobern's cell phone at trial. *See Gobern*, 2020 WL 6487965, at *3–4. Accordingly, I found that "Gobern's counsel's subsequent request to withdraw the motion was logical since no further relief could have been obtained by pressing forward on the motion, and withdrawal preserved the resources of the parties and the court." *Id.* at *3. Since I have already decided that Gobern's counsel's decision to withdraw the motion to suppress was reasonable and did not change the outcome at trial, I do not consider withdrawal of the motion an extraordinary and compelling circumstance warranting Gobern's release. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) ("The law of the case doctrine . . . counsels a court against revisiting its prior rulings in subsequent stages of the same case." (citation omitted)).

Gobern's remaining arguments regarding his compassionate release motion are based primarily on the conditions of his incarceration at FCI Loretto. In his counseled motion, Gobern requests compassionate release based on "the horrific conditions of confinement Mr. Gobern has endured, and will continue to endure, during the pandemic" and "the limited access to programing which, under normal circumstances, would have reduced his time under the First Step Act." (Pet'r's Br. 1.) In his supplemental letter, Gobern notes that "the conditions at Loretto FCI have worsened," citing, among other things, the vaccination rate of Loretto FCI.

6

(Pet'r's Supp. Letter 1–2.)  As an initial matter, Gobern is no longer an inmate at FCI Loretto and is currently housed in a Residential Reentry Management Field Office in New York, New York.  *Find an Inmate*, BOP.gov, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited December 12, 2024) (BOP Register Number 15002-057).  Accordingly, Gobern's motion for compassionate release based on his prison conditions are moot.  *See United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021) (holding that a motion for compassionate release "based on the risks posed by COVID-19 and his unique family issues" which "focus exclusively on why he should be released from *prison*" was moot because petitioner completed his prison sentence (emphasis in original)); *United States v. Sanchez*, No. 16-CR-500, 2022 WL 1315551, at *3 (S.D.N.Y. May 3, 2022) (finding petitioner's concerns regarding "lack of resources and treatment" from his prison facility was moot because petitioner has since been transferred "to a halfway house in New York" (internal quotation marks omitted)); *United States v. Gumbs*, No. 16-CR-821, 2021 WL 1372964, at *1 (S.D.N.Y. Apr. 9, 2021) (holding motion for compassionate release based on COVID-related risks in confinement was moot when petitioner was "placed in a half-way house").

Gobern also argues that COVID-19 "still presents a risk" to his health.  (Pet'r's Br. 5–7; *see also* Pet'r's Supp. Letter (providing an update on the omicron variant of the COVID-19 virus).)  Although true, Gobern, fortunately, "enjoys relatively good health."  (Pet'r's Br. 1.)  Furthermore, Gobern has already contracted COVID-19.  (*See id.*)  Of course, that is unfortunate.  However, the CDC has found that "[o]nce you have had COVID-19 . . . [your] immune response can protect you against reinfection for several months."  *About Reinfection*, Centers for Disease Control and Prevention (last updated June 14, 2024), https://perma.cc/L7FV-AUHD.  Although "this protection [against infection] decreases over time," "[p]rotection against severe COVID-19

7

illness generally lasts longer." *About Reinfection*, *supra*. Moreover, having received the vaccine, Gobern is very unlikely to become seriously ill or die. *See* Lindsey R. Baden, et al., *Efficacy and Safety of the mRNA-1273 SARS-CoV-2 Vaccine*, The New England Journal of Medicine (2020), https://www.nejm.org/doi/full/10.1056/nejmoa2035389 ("The mRNA-1273 vaccine showed 94.1% efficacy at preventing Covid-19 illness, including severe disease [in a phase 3 clinical trial."); *see also United States v. Pabon*, No. 17-CR-312, 2021 WL 603269, at *3–4 (S.D.N.Y. Feb. 16, 2021) (denying compassionate release request where inmate had been vaccinated) (collecting cases). Gobern has not submitted supplemental briefing concerning why his current facility in the Residential Reentry Management Field Office in New York presents him with the kinds of risks that warrant compassionate release. *See United States v. Terry*, No. CR 92-119, 2021 WL 4060463, at *3 (E.D. Pa. Sept. 7, 2021) ("[T]he generalized threat of the COVID-19 pandemic to the public is not an extraordinary and compelling reason for granting compassionate release.").

Accordingly, under the specific circumstances presented here, I find that Gobern's personal risk of serious illness from COVID-19, without more, does not present an "extraordinary and compelling reason" warranting a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

### C. *Section 3553(a) Factors*

Even if Gobern were able to demonstrate extraordinary and compelling circumstances that counseled in favor of compassionate release, the factors under 18 U.S.C. § 3553(a) counsel against his release. Gobern's applicable guideline sentence was 360 months to life. (Sent'g Tr. 31:19-20.) He faced a mandatory minimum of ten years. (*Id.* 33:1-2.) The Government noted at sentencing that it had "declined to file a prior felony information," which would have resulted in

a mandatory minimum of 20 years. (*Id.* 22:9-14.)

A jury convicted Gobern of serious conduct. I told Gobern at his sentencing that narcotics trafficking "has a devastating effect on New York and on our society in general," (*id.* 32:18-20), and that the present case, after Gobern's two previous convictions, indicated that he had "been undeterred by prior lengthy sentences of incarceration," (35:14-18). Nevertheless, in light of the circumstances of the case—and in particular, Gobern's age—I did not believe that Gobern deserved a sentence of 360 months, or 30 years. (*Id.* 39:3-11). Instead, I granted Gobern a variance and gave him a below-guidelines sentence of 144 months, or 12 years. (*Id.* 37:21-23.)

For the reasons stated in detail at Gobern's sentencing, which are incorporated by reference here, and those outlined above, I find that modifying Gobern's term of imprisonment would be inconsistent with the sentencing factors contained in Title 18, United States Code, Section 3553(a). Gobern's sentence reflected the seriousness of his conduct, the nature of the offense, and his personal history. I do not find that the circumstances have changed, including due the current health crises due to COVID-19, so dramatically as to warrant a sentence of time served.[4]

## IV.    Conclusion

For the reasons stated above, because Gobern has failed to demonstrate any extraordinary and compelling circumstances that would warrant the reduction of his sentence and early release, and because the Section 3553(a) factors militate against reducing Gobern's sentence, Gobern's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate all open motions and mail a copy of this order to the petitioner.

---

[4] I am sorry to hear that Gobern's wife has been diagnosed with a serious illness, but glad to hear that her prognosis is good. (Pl.'s Br. 7.) Should her health deteriorate such that she becomes unable to care for their minor children, I grant Gobern leave to renew his request for compassionate release on that basis. *See* U.S.S.G. § 1B1.13 Application Note 1(C)(i).

SO ORDERED.

Dated: December 16, 2024
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge